UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY WILLIAMS,

    Plaintiff,

v.                                Case No. 8:22-cv-2330-VMC-CPT

R.T.G. FURNITURE CORP. d/b/a
ROOMS TO GO and SE INDEPENDENT
DELIVERY SERVICES, INC.

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff's Motion for Continuance of All Dates and Deadlines Out of Time and to Compel Better Corporate Representative Depositions (Doc. # 44), filed on September 25, 2023. Defendants R.T.G. Furniture Corp. d/b/a Rooms To Go ("RTG") and SE Independent Delivery Services, Inc. ("SEIDS") responded on September 29, 2023. (Doc. # 48).

For the reasons that follow, the Motion for Continuance of All Dates and Deadlines Out of Time is denied. The Motion to Compel Better Corporate Representative Depositions is also denied.

I.  **Background**

Plaintiff Tony Williams filed a Complaint against Defendants RTG and SEIDS on October 11, 2022. (Doc. # 1). This Court subsequently entered a Case Management and Scheduling Order on December 29, 2022, establishing a discovery deadline of September 15, 2023. (Doc. # 18 at 1). It later entered an amended Case Management and Scheduling Order on January 30, 2023, which included the same discovery deadline. (Doc. # 25 at 1).

Now, Williams has filed a Motion for Continuance of All Dates and Deadlines Out of Time and to Compel Better Corporate Representative Depositions. (Doc. # 44). RTG and SEIDS have responded. (Doc. # 48). The Motion is ripe for review.

II. **Legal Standard**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also (Doc. # 25 at 5) (citing Fed. R. Civ. P. 16(b); Local Rule 3.08(a)) (stating that motions for the extension of deadlines, other than the dispositive motions deadline and trial, "will not be extended absent a showing of good cause").[1]

---

[1] While Plaintiff's motion references only Federal Rule of Civil Procedure 6, this Court notes that the appropriate rule governing the motion for

The Case Management and Scheduling Order for this case also notes that "[m]otions for an extension of the discovery period[] are disfavored." (Doc. # 25 at 5). Additionally, good cause for a continuance does not exist due to "[f]ailure to complete discovery within the time established by this Order." (Id.).

Further, "[a] trial judge has 'broad discretion' in controlling the discovery process." Mennella v. Am. Airlines, Inc., 824 F. App'x 696, 704 (11th Cir. 2020) (citing Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979)).

III. **Analysis**

Plaintiff argues that he has good cause for a continuance based on a need to conduct additional, important discovery that could not be completed prior to the original discovery deadline. (Doc. # 44). Specifically, he states that a continuance would allow him to depose witnesses Mr. Chad Hall and Mr. Jahnu Rodriguez, as well as better corporate representatives for both RTG and SEIDS. (Id. at 8-9). He argues that a continuance would also allow Plaintiff's lead

---

continuance is Federal Rule of Civil Procedure 16. See Destra v. Demings, 725 F. App'x 855, 859 (11th Cir. 2018) ("When a deadline appears in a scheduling order and a motion is filed after the deadline, 'Rule 16 is the proper guide for determining whether a party's delay may be excused.'" (citing Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418, 1418 n.2 (11th Cir. 1998))).

3

counsel, Mr. Hoogerwoerd, to be more rigorously involved in discovery, given the personal matters he needed to address during the original discovery period. (Id. at 9). Additionally, he submits that a continuance would "serve the interests of justice," "prevent manifest injustice[,] and serve the interests of judicial economy." (Id. at 10).

However, Defendants' response clarifies that the deficiencies in Plaintiff's discovery were largely due to Plaintiff's own delays and imprecision in requesting discovery. (Doc. # 48 at 2-5).

Importantly, Plaintiff's complaint that he only received information about documents and individuals relevant to RTG's investigation of the "flower game" scheme on September 5, 2023, ten days before the discovery deadline (Doc. # 44 at 3, 5), fails to mention Plaintiff's own delay in requesting such documents from Defendants. Since Plaintiff did not serve his discovery requests until August 3, 2023, Defendants' responses were not due until September 5, 2023. (Doc. # 48 at 2). Plaintiff's service of these requests occurred very late in the discovery period, and over seven months since Plaintiff first learned of the discovery deadline in this case. See (Doc. # 18 at 1) (establishing a scheduling order in this

case on December 29, 2022). Therefore, Plaintiff cannot now seek extra time to compensate for his own delays.

Defendants also timely submitted their discovery responses. (Doc. # 48 at 2). This stands in stark contrast to Plaintiff's delays submitting his discovery responses to Defendants. (Id. at 2 n.2).

Further, Plaintiff's complaint about the quality of the discovery responses was not communicated to Defendants prior to filing of this motion (Id. at 3). Plaintiff also seeks to require Defendants to complete discovery beyond that required by the Federal Rules of Civil Procedure. See (Doc. # 44 at 3) (highlighting that "SEIDS did not produce or provide any documents to Plaintiff through its disclosures"); Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring that initial disclosures include "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses").

Additionally, while Plaintiff argues that he was not able to depose two key witnesses, Mr. Rodriguez and Mr. Hall (Doc. # 44 at 8), this deficiency in Plaintiff's discovery is also the result of Plaintiff's lack of involvement in the

5

discovery process. As Mr. Hall was one of Plaintiff's witnesses (Id. at 6; Doc. # 48 at 3-4), Plaintiff had ample notice of a need to depose him. Plaintiff was also put on notice of the potential importance of deposing Mr. Rodriguez by his inclusion in SEIDS's initial disclosures. (Doc. # 44 at 3; Doc. # 48 at 3). Despite this advance notice, Plaintiff did not ask to depose Mr. Rodriguez within the discovery period. (Doc. # 48 at 3).

Finally, Defendants took several actions to provide the discovery requested by Plaintiff, despite not being explicitly required to do so. While Plaintiff did not include the investigation into the flower game on his Rule 30(b)(6) deposition notices, the Defendants' corporate representatives still sought to address the topic during their depositions. (Id. at 4). Similarly, Defendants offered to schedule a deposition of Mr. Hall after the discovery deadline, to which Plaintiff never responded. (Id. at 3-4).

The Court recognizes that Mr. Hoogerwoerd has set forth personal reasons for not being able to be more involved in discovery during the relevant timeframe. (Doc. # 44 at 9). The appropriate action, however, would have been to alert the Court to these challenges prior to the discovery deadline.

For the reasons discussed above, the Court determines that good cause for a continuance and to compel better corporate representative depositions does not exist.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Williams's Motion for Continuance of All Dates and Deadlines Out of Time (Doc. # 44) is **DENIED.**

(2) Plaintiff Williams's Motion to Compel Better Corporate Representative Depositions (Doc. # 44) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u> day of October, 2023.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7